# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Demarco Hughes,

        Plaintiff,

v.

Georgina M. Goynes,

        Defendant.

Civ. No. 13-1319 (DWF/JJK)

**REPORT AND RECOMMENDATION**

Demarco Hughes, Reg. #20536-76, MCFP Springfield, P.O. Box 4000, Springfield, MO 68501-4000, *pro se* Plaintiff.

Georgina M. Goynes, 5436 North 63rd Street, Omaha, NE 68104-1662, *pro se* Defendant.

JEFFREY J. KEYES, United States Magistrate Judge.

## INTRODUCTION

This case is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 16). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons set forth below, this Court recommends that Plaintiff's motion be denied.

## PROCEDURAL BACKGROUND

Plaintiff initiated this civil action with a Complaint filed on June 3, 2013. (Doc. No. 1.) Defendant was served with a summons on August 19, 2013, requiring Defendant to file an answer within twenty-one days, by September 9,

2013. (Doc. No. 12.) Defendant's Answer, denying all allegations in Plaintiff's complaint, was filed September 23, 2013. (Doc. No. 13.) On October 15, 2013, Plaintiff filed a motion for default judgment (Doc. No. 16), along with a request that the Clerk of Court enter the default of Defendant (Doc. No. 18). Plaintiff claims that because Defendant failed to timely respond, Plaintiff is entitled to default judgment under Rule 55 of the Federal Rules of Civil Procedure.

## DISCUSSION

According to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and the fact is made to appear by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A Judgment of default may, thereafter, be entered on application to the Court." *Semler v. Klang*, 603 F. Supp. 2d 1211, 1218 (D. Minn. 2009) (citing Fed. R. Civ. P. 55(b) and *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).")). Whether to enter a default rests within the court's discretion. *Lee v. Bhd. of Maint. of Way Employees-Burlington N. Sys. Fed'n,* 139 F.R.D. 376, 381 (D. Minn. 1991).

Federal Rule of Civil Procedure 6(b)(1)(B) permits a court to extend the time for a party to submit a filing "if the party failed to act because of excusable neglect." Excusable neglect is an "elastic concept" that empowers courts to

2

accept, "where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 388 (1993). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. "[T]he following factors are particularly important: (1) the possibility of prejudice to [Plaintiff]; (2) the length of [Defendant's] delay and the possible impact of that delay on judicial proceedings; (3) [Defendant's] reasons for delay, including whether the delay was within [her] reasonable control; and (4) whether [Defendant] acted in good faith." *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999).

"The entry of default judgment is not favored by the law, and 'should be a rare judicial act.'" *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995) (citing *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th. Cir. 1993), and quoting *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993)). "A court abuses its discretion if it enters a default judgment 'for a marginal failure to comply with the time requirements.'" *Jones*, 63 F.3d at 688 (quoting *Harre*, 983 F.2d at 130).

Here Plaintiff is not prejudiced by Defendant's two week delay in filing her Answer, and the length of that delay did not significantly impact judicial proceedings.

Plaintiff has repeatedly reminded this Court that because he is acting *pro se*, his motions are entitled to liberal consideration. Defendant, who is also acting *pro se*, is entitled to similar consideration. It would be inequitable—indeed, an abuse of this Court's discretion—to enter default judgment against Defendant for her marginal failure to comply with the time requirements.

For these reasons, this Court recommends that Plaintiff's Motion for Default Judgment be denied.

## RECOMMENDATION

For the reasons stated, this Court recommends that:

1. Plaintiff's Motion for Default Judgment (Doc. No. 16), be **DENIED**.

Date: November 26, 2013

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 10, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.