UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Demarco Hughes, | Civ. No. 13-1319 (DWF/JJK) |
| Plaintiff, | |
| v. | |
| Georgina M. Goynes, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

Demarco Hughes, Reg. #20536-76, MDFP Springfield, P.O. Box 4000, Springfield, MO 68501-4000, *pro se* Plaintiff.

Georgina M. Goynes, 5436 North 63rd Street, Omaha, NE, 68104-1662, *pro se* Defendant.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This case is before the Court on Plaintiff Demarco Hughes's Motion for Summary Judgment (Doc. No. 45, Pl.'s Mot. SJ.) Plaintiff claims that he suffered damages as a result of the loss of his personal items left in the care of Defendant, Georgina M. Goynes. Goynes, beyond a letter to the Court, which the Court construed as an Answer to Hughes's Complaint, has failed to participate in these proceedings and has not filed a response to the Motion for Summary Judgment. This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the

reasons stated below, this Court recommends that default judgment be entered against Goynes, that Hughes's Motion for Summary Judgment be **DENIED AS MOOT**, and that Hughes be ordered to provide sufficient proof of the damages he claims in this action within thirty days of any Order adopting this Report and Recommendation.

## BACKGROUND

### I.    Procedural History

Plaintiff commenced this action on June 3, 2013, by filing a Complaint seeking relief against Goynes based on what the Court infers to be common-law legal theories relating to intentional deprivation of personal property. (Doc. No. 1, Compl.) Goynes responded on September 23, 2013, with a letter to the Court, which the Court construed as an Answer. (Doc. No. 13, Answer.) On November 26, 2013, the Court *sua sponte* issued an Order to Show Cause requiring Hughes to assign specific values to items in his Complaint that he claimed met the $75,000 amount-in-controversy requirements to invoke the Court's diversity jurisdiction. (Doc. No. 26, Order to Show Cause for Jurisdiction.) Hughes responded with a Motion to Show Cause and an Amended Complaint assigning specific monetary values to the items he claims to have lost. (Doc. Nos. 29, 31.) Goynes filed nothing in opposition.

Noting that Hughes is a current resident of Missouri and Goynes is a resident of Nebraska, the Court next issued an Order to Show Cause regarding the potential transfer of the case from Minnesota to a more convenient forum.

(Doc. No. 33, Order to Show Cause for Venue.) Hughes again responded with a Motion to Show Cause and an Amended Complaint, which sufficiently set out that Minnesota is a convenient forum due to the majority of alleged events occurring within Minnesota. (Doc. Nos. 34, 38.) Goynes, again, filed nothing in opposition.

Hughes filed his most recent Amended Complaint on March 31, 2014. (Doc. No. 40, Pl.'s Am. Pleadings, Suppl.) Goynes again submitted no response. Hughes filed a Motion to Compel Initial Disclosures, which the Court granted. (Doc. Nos. 42, 43.) Goynes again did nothing. On December 8, 2014, Hughes filed a Motion for Summary Judgment. (Doc. No. 45, Pl.'s Mot. SJ.) The Court's Second Amended Pretrial Scheduling Order required that all responses to dispositive motions be filed within twenty-five days following service of the original motion. (Doc. No. 44.) Goynes failed to file any response within twenty-five days, and as of the date of this Report and Recommendation, she has not filed any opposition.

Accordingly, Hughes's unopposed motion requesting summary judgment now lies before the Court for its consideration.

**II.     Factual History**

Hughes alleges that Goynes took his personal property from a public storage facility and other locations without his permission. (Pl.'s Am. Pleadings, Suppl. 1.) Goynes, along with Linda Goynes, Demarco Hughes, Jr., Ore Jackson, Jamain Jackson, and unnamed others, assisted Hughes in moving a number of

3

items into a public storage facility on or about July 19, 2010. (*Id.*) It is undisputed that this storage facility was rented by Goynes. (Pl.'s Am. Pleadings, Suppl. 1; Answer.)

On July 1, 2011, Hughes was taken into federal custody and held without bond. (Pl.'s Am. Pleadings, Suppl. 4.)  He is currently incarcerated at the administrative security federal medical center in Springfield, Missouri.

Hughes claims that, at some point in early 2012, Goynes returned to the storage locker where Hughes's belongings were stored and removed his property.  Goynes removed $57,350 worth of Hughes's possessions from this storage facility, ranging from items such as a "[c]hrom micro wave [sic] $500" to a "custom [b]owling [b]all $250." (Pl.'s Am. Pleadings, Suppl. 4 at 6-8.)

Hughes also alleges that Goynes absconded with two vehicles and money sent to him in the form of Social Security Insurance. (*Id.* at 5-6, 9.) Hughes's first vehicle, a "1993 S-500 Mercedes Benz" in "mint condition," has a "Blue Book value [of] $6,288."[1] (*Id.* at 5.) Hughes asserts that this vehicle has been heavily modified with a custom sound system and other additions, amounting to a total of

---

[1] The Court assumes that Hughes is referring to the Kelley Blue Book, a popular organization often referenced to check the value of used cars. *See generally* KELLEY BLUE BOOK, http://www.kbb.com (last visited Apr. 27, 2015). The Kelley Blue Book, however, does not use the designation "mint" when describing the condition of a car. *See Frequently Asked Questions (FAQ)*, KELLEY BLUE BOOK, http://www.kbb.com/company/faq/used-cars/#uc_1 (last visited Apr. 27, 2015) (describing a car's conditions as "Excellent, Very Good, Good, or Fair"). It is therefore unclear from where Hughes has obtained this value.

4

$18,090 in customizations. (*Id.*) Finally, he claims that this vehicle has a "Special Interest Value" of $50,000. (*Id.*) Hughes's second vehicle, a "Ford Xpedition 4 x 4 [sic]," has a "Blue Book Value [of] $2,968" and a "Special Intrest [sic] Value" of $10,468." (*Id.*) He also claims to have made a number of modifications to this second vehicle, including a sound system and "Burglen [sic] Alarm with/Remote start and pager start" with a total value of $8,070. (*Id.* at 6.) Finally, Hughes alleges that "$11.953.00[] is owe [sic] to Social Security." (*Id.*)

Hughes claims that the total value for all of his property taken from the storage locker claims is "approximately" $90,366. (*Id.* at 7.)

In support of these claims, Hughes has submitted his own Declaration and two notarized affidavits, signed by Wilbert and Rhonda Hughes, the Plaintiff's siblings. (Compl. at 7-8; Doc. No. 1 at 7, Aff. of Wilbert Hughes ("Wilbert Hughes Aff."); Doc. No. 1 at 8, Aff. of Rhonda Hughes ("Rhonda Hughes Aff.").) These affidavits are identical to one another and provide evidence that (1) "Demarco Hughes solely possessed/owned all property on the list [inventorying property Goynes removed from the storage locker];" (2) "Goynes took all of Demarco Hughes['s] property out of the storage [sic] without Demarco Hughes['s] permission and moved out of state to Omaha, Nebraska;" and (3) "Goynes also took [the Mercedes Benz and Ford Expedition.]" (Wilbert Hughes Aff.; Rhonda Hughes Aff.)

In her Answer to the Complaint, Goynes asserts that she "do[es] not possess any of the belongings that [Hughes] has noted, nor ha[s she] ever

5

possessed them." (Answer 1.) She challenged the possibility of fitting all of the items listed into the U-Haul she used to move to Nebraska, and she alleged that Hughes does not actually own either of the vehicles listed in the Complaint. Goynes has not submitted any evidence in this case to support the allegations in her responsive pleading. Nor has she submitted any response to Hughes's Motion for Summary Judgment such as a declaration, affidavit, or documentary evidence.

## DISCUSSION

The Federal Rules of Civil Procedure authorize a court to sanction a party with default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); Default judgment for failure to defend "is appropriate when the party's conduct includes willful violations of court rules, contumacious conduct, or intentional delays." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (internal quotation omitted).

Similarly, when a party fails to comply with a court order regarding discovery or disclosure, the Court may enter sanctions including rendering a default judgment against the party. Fed. R. Civ. P. 37(b)(2)(A)(vi). Local court rules allow the Court to "take any . . . action that the [C]ourt considers appropriate" if a party fails to timely file and serve a memorandum of law in response to a motion. D. Minn. LR 7.1(g)(6).

Here, Goynes has informed the Court that she finds the dispute with Hughes "completely boring" (*see* Answer 2), and aside from her Answer, she has failed to reply to any other correspondence from the Court, including its Order compelling her to provide initial disclosures pursuant to Rule 26(a)(1).  In that Order, the Court informed Goynes that if she faield to comply with the Order, she "will be subject to sanctions that may include judgment being entered against her in an amount to be determined by the Court, which potentially could be the specific amount requested by Plaintiff[.]"   (Doc. No. 43 at 1 ¶ 2.)

Goynes's lack of participation is more than enough for a court to enter a sanction of default judgment. Even in cases where *pro se* defendants have told the court that they would take the proceedings seriously and indicated that they would defend the case on the merits, a lack of response can lead to default judgment. In *Gempeler v. Fed. Deposit Ins. Corp., et al.*, No. 08-cv-5094 (DWF/RLE), 2010 WL 348394 (D. Minn. Jan. 22, 2010), for instance, the Court denied the plaintiff's unopposed motion for partial summary judgment against two *pro se* defendants as moot, and entered a default judgment against those defendants, who had indicated their willingness to participate in the judicial proceedings, but then failed to defend the action in any meaningful way.  *Id.* at *2-4.  As in *Gempeler*, the Court sent pre-trial notices expressly warning Goynes that failures to comply with orders would risk appropriate sanctions. *See id.*

at *2.² And unlike the defendants in *Gempeler* Goynes has made no attempt whatsoever to appear in this action and indicate an intention to defend the case on the merits.

Instead, Goynes has indicated, both through implication and through inaction that she will not participate in the judicial process. There is no basis in the record to further delay resolution of this long-pending matter. In light of the current motion for summary judgment and its supporting affidavits, and Goynes's failure to obey Court orders or heed the warnings that her lack of participation could result in judgment being entered against her, the Court concludes that a default judgment regarding liability in favor of Hughes is the appropriate sanction.

The Court notes, however, that Hughes is seeking significant damage amounts beyond what would seem to be the value of the items described.³ Damages on default judgment must be proved. "When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts

---

² No specific warnings regarding the possibility of default judgment are necessary. *See Gempeler* at *2 (citing *Ackra Direct Marketing Corp.*, 86 F.3d at 856). In this case, in addition to the Court's admonition in its Order compelling Goynes to make the required Rule 26(a) disclosures, the Pretrial Scheduling Order had the following warning: "If any party fails to respond to a motion, the failure to respond will be treated as a default, and the relief requested in the motion may be granted." (Doc. No. 44, Second Amended Pretrial Scheduling Order 2.)

³ For example, Hughes describes his 22 year-old Mercedes Benz as having $50,000 in special interest value. (Pl.'s Am. Pleadings, Suppl. 5.) The special interest value is unexplained and amounts to roughly 800% of the alleged "Blue Book value" of the "mint condition" vehicle.

alleged in the complaint are taken as true, *except facts relating to the amount of damages*, which must be proved in a supplemental hearing or proceeding." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (emphasis added); *see also Thomson v. Wooster*, 114 U.S. 104, 111 (1885) ("[The complaint] is taken to be true in all matters alleged with sufficient certainty; but in respect to matters not alleged with due certainty, or subjects which from their nature and the course of the court require an examination of details, the obligation to furnish proofs rests on the complainant."); 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (3d ed.1998) ("a default does not concede the amount demanded"). Hughes has not submitted any evidence to support the allegations of damage amounts in his complaint.

The Court therefore recommends that Hughes be ordered to provide evidence to support his claim for damages. Hughes must submit evidence sufficient to establish: (1) that owned the items of his personal property that Goynes took from the storage locker; and (2) the value of those items.[4] The Court further recommends that Hughes be required to provide such evidence within thirty days of any Order adopting this Report and Recommendation.

### RECOMMENDATION

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

---

[4] The Court cannot exhaustively describe the evidence that may be available to show ownership and value, but the Court warns that affidavits authored by Hughes and his immediate relatives may be insufficient in this regard.

      1.      Plaintiff Demarco Hughes is entitled to a default judgment against Defendant Goynes on his claims that she wrongfully deprived him of his personal property;

      2.      Plaintiff's motion for summary judgment (Doc. No. 45), be **DENIED AS MOOT**; and

      3.      Plaintiff be required to submit evidence supporting his claims that he owned the items of personal property listed in the attachment to his Consolidated Amended Complaint (Doc. No. 40-1), and evidence supporting those items' monetary value, within 30 days of any order adopting this Report and Recommendation, so that the court can evaluate Plaintiff's damages, if any.

Date:  April 29, 2015

                                                    *s/ Jeffrey J. Keyes*
                                                    JEFFREY J. KEYES
                                                    United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 13, 2015,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to **3500 words**. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.