## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Demarco Hughes,

          Plaintiff.

v.

Georgina M. Goynes,

          Defendant.

Civ. No. 13-1319 (DWF/JJK)

**REPORT AND RECOMMENDATION**

---

Demarco Hughes, #20536-76, MCFP Springfield, P.O. Box 4000, Springfield, MO 68501-4000, *pro se* Plaintiff.

Georgina M. Goynes, 5436 North 63rd Street, Omaha, NE, 68104-1662, *pro se* Defendant.

---

JEFFREY J. KEYES, United States Magistrate Judge.

    This case is before the Court for a Report and Recommendation to the District Court on Plaintiff's claim for default damages in his action for wrongful deprivation of personal property.  Pursuant to an Order issued by the District Court on July 2, 2015 (Doc. 48) (hereinafter Order), Plaintiff Demarco Hughes was granted a default judgment against Defendant Georgina M. Goynes.  The property at issue had been left in public storage in Blaine, Minnesota prior to Plaintiff being taken into federal custody.  The property, as described in various itemized listings submitted by the Plaintiff, includes, *inter alia*, two vehicles, tires and wheel rims, stereo equipment, televisions and electronics, furniture, and

clothing.  (*See, e.g.*, Docs.  37, 40).  Plaintiff's submissions contained his own value estimates, but did not contain other proof of ownership or worth.

Plaintiff was granted default judgment on liability for the property loss, but the Order further required that Plaintiff "establish his ownership and the monetary value of the items he has listed as lost." (Order at 2).  The Court suggested that Plaintiff "submit additional evidence that may include, but is not limited to, receipts for work performed on the vehicles, vehicle titles, vehicle registration statements, etc." (*Id.*).  The Court cautioned that self-serving affidavits authored by Plaintiff "may also be insufficient in this regard." (*Id.*).  Plaintiff subsequently requested and was granted additional time to obtain evidence to support his damages claim.  (Docs. 49–50).

Plaintiff filed an affidavit and supporting exhibits on November 12, 2015, purporting to show his losses.  (Docs. 51, 51-1, 52).  For the reasons discussed below, this Court **RECOMMENDS** that damages be **GRANTED** in part, **DENIED** in part, and judgment be entered accordingly.

I.   **Evidence Required to Prove Damages After a Default Judgment**

Default judgment does not automatically entitle a party to the damages requested.  *See, e.g.*, *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001) ("When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a

supplemental hearing or proceeding.") (citing *N. Cent. Co. v. Phelps Aero, Inc.*, 139 N.W.2d 258, 263 (Minn. 1965)). *See also Thomson v. Wooster*, 114 U.S. 104, 111 (1885); Fed. R. Civ. P. 55(b)(2) (2016).

After default, a court must undertake an independent analysis of damages, understanding that recovery may not take place "unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). Courts have wide discretion in conducting this analysis and may request documents, hold an evidentiary hearing, or appoint an accountant or special master. *Id. See* CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, 10A FED. PRAC. & PROC. CIV. § 2688 (3d ed. 1997). Since Plaintiff is incarcerated, the District Court requested that Plaintiff provide documentation to calculate damages. (Order at 2).

In proving damages, "recovery may be had if there is proof of a reasonable basis from which the amount can be inferred or approximated." *Pioneer Hi-Bred Int'l v. Holden Found. Seeds, Inc.*, 35 F.3d 1226, 1245 (8th Cir. 1994) (citation omitted). Eighth Circuit precedent establishes a 'reasonable certainty' standard for proof of damages when an exact calculation cannot be made. *See, e.g.*, *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 866 (8th Cir. 2010) (finding that an "adequate basis for estimating lost profits with reasonable certainty" was an appropriate standard for damages). *See also Credit Lyonnais Securities v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (holding that after default, a court must attempt to "ascertain the amount of damages with reasonable certainty.").

Questions surrounding the veracity of the evidence provided by the Plaintiff in support of damages may also preclude recovery until a court is satisfied that the correct amount has been established. *Greater St. Louis Const. Laborers Welfare Fund v. Little*, 182 F.R.D. 592, 596 (E.D. Mo. 1996). Imprecise evidence or damage calculations that depends on "many variables" may also not be persuasive. *See, e.g., Clements Auto Co. v. Service Bureau Corp.*, 444 F.2d 169, 189 (8th Cir. 1971).

## II.   Analysis of Plaintiff's Damages Claims

Plaintiff provided an affidavit and numerous documents contained in two exhibits (Docs. 51, 51-1, and 52), to establish the $90,366.00 damages asserted in his Consolidated Amended Complaint.[1] (Doc. 40 at 2). Among these documents are a car title, affidavit, a Social Security Administration repayment demand, and listings from E-Bay and other websites in support of his claim of the fair market value of various items. (*Id.*). Each will be analyzed below.

First, the title offered by Plaintiff in support of his ownership of a 1993 Mercedes-Benz automobile is not in his name and cannot be used to establish ownership or damages. (Doc. 51-1 at 1). Absent fraud or other similar fault in the 2013 conveyance of the title, Plaintiff is not the legal owner of this vehicle. While Mr. Hughes has submitted an affidavit alleging that the title has been

---

[1] Plaintiff has made two different claims for damages. *See* Consolidated Amended Complaint (Doc. 40) (claiming $90,366.00 in damages); Reply to Report and Recommendation (Doc. 47 at 3) (claiming $99,219.00).

transferred to Mr. Hughes' daughter (Doc. 51-1 at 3) this evidence is still insufficient to establish that he is the owner of the vehicle with reasonable certainty.  Additionally, Plaintiff has not offered any evidence regarding the Ford Expedition listed in his Consolidated Amended Complaint (Doc. 40 at 2). Therefore, damages cannot be recovered for this claim either.

The E-Bay and other website listings provided by Plaintiff (Docs. 51-1, 52) are also insufficient to reasonably prove damages.  Some of the items listed by Plaintiff in his Consolidated Amended Complaint match the E-Bay and website listings provided—e.g., the Asanti Tire Rims and Alpine 6x9 speakers.  However, others, like the amounts claimed for the RE Audio Amplifier, Alarm & Keyless Entry System, and other electronics, do not match the prices listed on the website pages.  (*Id.*).

In any event, these listings are not sufficient to reasonably prove damages. The Order stated that Plaintiff must submit "additional items that show ownership and value . . . ." (Order at 2).  While the E-Bay listings appear to show the fair market value of certain items, sellers on this website may set the initial price of goods at whatever level they choose.  (*How to Sell Online with E-Bay*, E-BAY, http://pages.ebay.com/sellerinformation/learn-to-sell-online/how-to-sell.html (last visited Mar. 2, 2016)).  Moreover, the price for one listing of a type of good may not be representative of value on the broader market.  (*See generally id.*).  Each of the values provided also does not reflect the price Plaintiff initially paid, his ownership prior to incarceration, or most importantly, the current condition of the

property. Consequently, allowing damages based on this evidence would be inherently speculative. *See Deluxe Small Bus. Sales, Inc. v. Findley*, 2012 WL 2814371 at *5 (D. Minn. Jun. 20, 2012); *Hornblower v. Lazere*, 222 N.W.2d 799, 803 (Minn. 1974) (establishing that "[a]s a general rule, damages which are speculative, remote, or conjectural are not recoverable.")).

Consequently, the only remaining claim is Plaintiff's allegation that the Defendant converted his Supplemental Security Income benefits. (Doc. 40-1 at 6). Plaintiff has produced a repayment demand from the Social Security Administration (Doc. 51-1 at 4) that states that Plaintiff received an overpayment in the amount of $11,953.00. (*Id.*). This liquidated sum meets the reasonable certainty standard discussed *supra*. *Pioneer Hi-Bred Int'l*, 35 F.3d at 1245; *United Artists Corp.*, 605 F.2d at 857.

Defendant's liability for misappropriating these funds has already been established, since the allegations made in Plaintiff's Consolidated Amendment Complaint must be accepted as true by this Court by virtue of her default. (Order at 2). *See Everyday Learning Corp.*, 242 F.3d at 818. Defendant has had ample opportunity to deny or challenge any aspect of Plaintiff's claims, but has repeatedly not done so. (Order; Docs. 33–34, 43). Since Plaintiff has offered sufficient proof of the exact amount of his Social Security overpayment and Defendant is liable through her default, this Court finds that Plaintiff has sufficiently met his evidentiary burden with regard to this claim only and finds him entitled to damages in the amount of $11,953.00.

## III.     Conclusion

Plaintiff has not established a "reasonable basis from which [damages] can be inferred or approximated" on most of his claims.  *Pioneer*, 35 F.3d at 1245. The evidence relating to the vehicles and personal items that Plaintiff submitted is but one measure of their value, and is not reflective of whether Plaintiff owned the items, the price originally paid, or their contemporary market value. Plaintiff also has not sufficiently proven that he is the owner of the 1993 Mercedes-Benz automobile or the Ford Expedition, nor has he adequately proven value.  Taken together, this evidence is inherently speculative and establishes that Plaintiff has not met his burden to show a reasonable basis for damages by a preponderance of the evidence.

Plaintiff also provided to the Court a repayment demand that outlines an overpayment assessed against him by the Social Security Administration.  (Doc. 51-1 at 4).  Since Defendant has been found in default and is therefore legally responsible for misappropriating Plaintiff's social security payments, she is also accountable for any damages proven by Plaintiff to a reasonable certainty. Plaintiff has done so with regard to this claim and is therefore entitled to damages in the amount of $11,953.00.

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff be **GRANTED** damages in the amount of $11,953.00;

2. Damages for all other claims be **DENIED**; and

3. Judgment be entered accordingly.

Date: March 21, 2016

        s/ *Jeffrey J. Keyes*
        JEFFREY J. KEYES
        United States Magistrate Judge

Under D. Minn. Loc. R. 72.2(b), any party may object to this Report and Recommendation by filing a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections with the Clerk of Court, and serving all parties by **April 16, 2016**. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **14 days** after service. All briefs filed under this rule shall be limited to **3,500 words**. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.